IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 74,941






EX PARTE TERRANCE GERMAINE CONNER, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


FROM LUBBOCK COUNTY






 Per Curiam.



OPINION



 This is an application for a writ of habeas corpus which was transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. 
Ex Parte Young, 418 S.W.2d 824 (Tex. Crim. App. 1967). Applicant was convicted of
burglary of a habitation and punishment was assessed at sixty years imprisonment. Applicant's
conviction was affirmed on appeal. Conner v. State, No. 07-99-0253-CR (Tex. App.-
Amarillo, delivered March 27, 2000, no pet.).

 Applicant contends that his appellate counsel was ineffective for not timely informing
him that his conviction had been affirmed on direct appeal, thereby denying him an opportunity
to file a timely petition for discretionary review. 

 In Ex parte Wilson, 956 S.W.2d 25 (Tex. Crim. App. 1997), we held that counsel
renders ineffective assistance when counsel's action or inaction denies a defendant his
opportunity to prepare and file a petition for discretionary review. The trial court found, based
on the record, that counsel did not timely inform the Applicant of his option to pursue a
petition for discretionary review; thus, he is entitled to an out-of-time petition for
discretionary review. We agree. 

 Accordingly, Applicant is entitled to relief. The proper remedy is to return Applicant
to the point at which he can file a petition for discretionary review. He may then follow the
proper procedures in order that a meaningful petition for discretionary review may be filed. 
For purposes of the Texas Rules of Appellate Procedure, all time limits, including mandate,
shall be calculated as if the Court of Appeals' decision had been rendered on the day the
mandate of the Court in this cause issues. We hold that should Applicant desire to seek
discretionary review, he must take affirmative steps to see that his petition is filed in the Court
of Appeals within thirty days after the mandate of this Court has issued. 

 


DELIVERED: April 28, 2004

DO NOT PUBLISH